IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MELVIN WIAND, 37221-177,** ) | |
| Petitioner, ) | |
| v. ) | No. 3:10-CV-1420-M |
| ) | 3:07-CR-352-M |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural Background**

Petitioner pled guilty under a plea agreement to one count of receipt of child pornography and was sentenced to 132 months in prison and ten years supervised release. On direct appeal, Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). On June 16, 2010, the Fifth Circuit Court of Appeals dismissed the appeal as frivolous.

On October 14, 2010, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2255. He argues:

1. His guilty plea was involuntary;

2. His conviction was obtained through evidence from an unlawful search and

> seizure;

3. The prosecution withheld *Brady* material; and

4. He received ineffective assistance of counsel.

On June 10, 2011, Respondent filed its answer. Petitioner filed replies on July 22, 2011, August 8, 2011, October 3, 2011, December 12, 2011, and January 11, 2012. The Court now finds the petition should be denied.

## II.  Factual Background

The following factual background is taken from the PSR.

As a result of an investigation initiated by ICE agents in New Jersey, it was determined that Petitioner accessed more than 8,000 images, including movie files and web pages containing child pornography. In August 2006, local ICE agents interviewed Petitioner at his residence, where he admitted that there was child pornography on his computer and consented to a search of his computer hard drive, other electronic storage devices, and peripherals located within his apartment. Petitioner stated that he purchased memberships that linked him to hard-core child pornography and that he downloaded the images from the websites to both his computer hard drive and CDs. He also admitted to sharing images of child pornography and he admitted he acquired some of the child pornography using a file-sharing program called Bearshare. A forensic search of his electronic equipment and peripherals revealed thousands of images and videos of child pornography, many of which involved the lewd and lascivious display of the genitals of nude prepubescent and minor females, and portrayed the sadistic and masochistic conduct with children. Petitioner was held accountable at sentencing for 47,754 images of child pornography.

**III. Discussion**

**1.      Guilty Plea**

Petitioner argues his guilty plea was involuntary because: (1) he did not understand that a plea of guilty to receiving child pornography also encompassed an "intent to traffic" child pornography; (2) he did not know that the file-share program would result in an enhancement for distribution; and (3) he was never informed of the minimum and maximum sentencing range.

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).  A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however.  The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea.  *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28.  A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).  Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be

held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

Additionally, prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

In this case, the record shows the magistrate judge informed Petitioner that his sentence range was five to twenty years in prison. (Rearraignment Tr. at 11). Petitioner stated he understood this sentence range. (*Id*. at 12.) Further, although Petitioner objected to the file-sharing information in the factual resume, he stated that he objected because this information was not contained in the indictment. (*Id.* at 16.) Petitioner also stated that he read and signed the factual resume which listed the file-sharing information. (*Id*. at 10, 14.) Petitioner stated he read and signed the plea agreement which stated Petitioner's sentence range was five to twenty years in prison. (*Id*. at 10.) He stated that he was voluntarily pleading guilty. (*Id*. at 11.) He also stated he understood the appeal waiver provision in the plea agreement. (*Id*. at 13.) The Court finds Petitioner had a realistic understanding of the consequences of his guilty plea, and that he entered his guilty plea and waiver freely and voluntarily. Petitioner's claim should be denied.

**2.      Search and Seizure**

Petitioner argues the information seized from his electronic devices was seized unlawfully. He states he was coerced into signing a consent to search form, that there are factual errors on the forms, and evidence was seized prior to the issuance of a search warrant.

A valid guilty plea, however, waives all non-jurisdictional defects in the pleadings, including Fourth Amendment claims. *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985); *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002). As discussed above, Petitioner entered a valid guilty plea. His Fourth Amendment claim should therefore be denied.

Additionally, pursuant to the plea agreement, Petitioner waived the right to collaterally attack his sentence except for claims that his plea or waiver were involuntary or claims of ineffective assistance of counsel. It is well settled that an informed and voluntary waiver of post-conviction relief under § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). As discussed above, Petitioner's plea and waiver were entered knowingly and voluntarily. Petitioner's Fourth Amendment claim is therefore waived.

**3.      Brady Evidence**

Petitioner argues the prosecution withheld exculpatory material in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He states the government withheld seized property, evidence forms and discovery materials.

The Fifth Circuit Court of Appeals has held that a guilty plea forecloses a defendant's *Brady* claims. *United States v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009) (citing *Matthew v. Johnson*, 201 F.3d 353 (5th Cir. 2000) and *Orman v. Cain*, 228 F.3d 616 (5th Cir. 2000)). The Fifth Circuit has stated:

> Because a Brady violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation.

*Matthew*, 201 F.3d at 361-62.

Additionally, as discussed above, Petitioner waived his right to collaterally attack his conviction under § 2255 except for claims of an involuntary plea or waiver and/or a claim of ineffective assistance of counsel. This claim is therefore waived.

**4.     Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel was ineffective when he: (1) failed to object to the *Brady*

Page 6

violations; (2) failed to challenge the PSR; (3) failed to inform Petitioner of the consequences of his guilty plea; and (4) failed to explain the denial of his appeal.

**(A)    *Brady***

In his *Brady* claim, Petitioner argues that government agents testified untruthfully at the suppression hearing and that agents unlawfully seized evidence from Petitioner. He states his counsel did not adequately argue these claims.

On March 4, 2008, a suppression hearing was held in this case. The record shows two agents testified that Petitioner voluntarily consented to the search of his computer. (Supp. Hr'g at 9, 11-14, 46-47.) Defense counsel cross-examined these witnesses. Petitioner also testified at the hearing. He stated he did not give consent for the search, and that the agents intimidated him into signing the consent form. (*Id.* at 69-70.) In denying the motion to suppress, the District Court determined that the agents' testimony was credible and that Petitioner's testimony was not credible. (*Id*. at 110-112.) Petitioner has failed to show his counsel was ineffective.

**(B)    PSR**

Petitioner argues his counsel was ineffective because he failed to challenge errors in the PSR and failed to argue that the enhancement for file-sharing distribution was improper. The record shows, however, that defense counsel raised four objections to the PSR. The Court granted the objection to the file-sharing distribution enhancement. (Sent. Tr. at 20.) This resulted in lowering the enhancement from five points to two points. (*Id*.) Additionally, the Court considered Petitioner's *pro se* objections to the PSR. (*Id*. at 30.) Petitioner stated in open court that he had no other objections to the PSR. (*Id*. at 4.)

Additionally, Petitioner claims his counsel was ineffective because he failed to obtain a

ruling on the objections to the PSR. The record shows, however, that the Court ruled on all objections during the sentencing hearing. (*Id*. at 29- 30.)

Also, Petitioner claims his counsel was ineffective because he failed to explain the consequences of the PSR. Petitioner, however, stated in open court that he reviewed the PSR and he had no other objections than those filed by his attorney and those he filed *pro se*. (*Id*. at 4.) Petitioner's claim is conclusory and should be denied.

**(C)   Plea agreement**

Petitioner argues his counsel was ineffective because he advised Petitioner to sign the plea agreement, which stated that Petitioner had sadistic and masochistic images on his electronic devices. The District Court stated that if the images were as described in the PSR, they would be sadistic and masochistic images. (*Id*. at 24.). Petitioner has not shown the images were not in fact as they were described in the PSR. Petitioner's claim should be denied.

**(D)   Appeal**

Petitioner argues his counsel was ineffective because he did not explain the denial of his appeal. Petitioner has failed to state what he did not understand about the Fifth Circuit's order or how he was prejudiced by his counsel's actions. Additionally, Petitioner has failed to show there were any meritorious claims for appeal. Petitioner has failed to establish ineffective assistance of counsel.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 17th day of January, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).